UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES W. HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CV408-223 |
| | ) | |
| JOHN E. POTTER, *United States Postmaster General*, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

In this Title VII case the defendant has filed a Fed. R. Civ. P. 25(a) Suggestion of Death regarding *pro se* plaintiff James W. Hardy. Doc. 12. Under that rule,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(1); *see Long v. Morton Plant Hosp. Ass'n, Inc.*, 265 F. App'x 798, 799 (11th Cir. 2008). Given the likely impact of

plaintiff's passing on his family, it is understandable that the defendant has not yet filed proof of service. Doc. 12 at 3 ("The instant notice of suggestion of death is being filed **ex parte** because the plaintiff is unrepresented by counsel.").

But there is also the possibility that defense counsel misapprehends Rule 25's workings. And given the Court's obligation to move cases along while managing its docket, *see Austin v. Global Connection*, 2008 WL 5237158 at * 3 (11th Cir. Dec. 17, 2008) (unpublished), plus also reexamine its subject-matter jurisdiction once a sole party plaintiff dies, *see Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006), it is worth emphasizing that Rule 25(a)(1) service is *required. See, e.g., Hall v. Sears Roebuck & Co.*, 2008 WL 4758669 at * 1 (W.D.La. Oct. 29, 2008) (unpublished). The Rule

> requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. *Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir.1985); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.1990) (*Grandbouche*); 3B Moore's Federal Practice Par. 25.06[3] (2d ed.1991) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days"). Second, the suggesting party must serve other parties and nonparty successors or

2

representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed.R.Civ.P. 25(a)(1). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. *Grandbouche*, 913 F.2d at 837 ("the service required by Rule 25(a)(1) on non-parties, specifically the successors or representatives of the deceased party's estate, must be served pursuant to Fed.R.Civ.P. 4"); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir.1985) (*Fariss*) (successors and representatives of the deceased party must be personally served the suggestion of death); 3B Moore's Federal Practice Par. 25.06[3] (2d ed.1991) ("service of the suggestion of death upon parties is to be effected in accordance with Rule 5, and upon non-parties as provided in Rule 4").

*Inglis v. Buena Vista Univ.*, 235 F.Supp.2d 1009, 1029-30 (N.D.Iowa 2002). *Inglis*, incidentally, follows what is known as the majority rule. (There has been some judicial disagreement over a defendant's obligations in this situation.)[1] *See Antoine v. V.I. Port Auth.*, 2008 WL 2872176 at * 3 (D.V.I., Jul 23, 2008) (citing *Inglis* in noting the majority rule that, "where defendant's counsel files a notice of death for a deceased plaintiff, he must serve the decedent's successor or, at minimum, undertake a good faith effort

---

[1] The Eleventh Circuit has not passed on this issue.

3

to identify an appropriate representative"); *accord Stanford v. Paulk*, 2006 WL 1651655 at * 2 (M.D.Ga. Jun. 7, 2006) (unpublished) (the serving party must undertake a "thorough, good faith effort" to locate a deceased plaintiff's successor or representative). In that respect,

> Rule 25(a) does not require extended, intensive searches creating an onerous burden on the suggesting defendant. *See Grunberg*, 2008 WL 2001253, at *1 (inability of defendants to locate successor of deceased pro se plaintiff, coupled with defendants' service of notice at plaintiffs last known correctional facility and lapse of more than six months since service relieved defendant of duty to serve notice on representative); *Stanford*, 2006 WL 1651655, at *2 (defendants' thorough, good faith effort to locate plaintiff's successor, which, through no fault of their own, was unsuccessful relieved defendants of further duty to serve notice on successor).

*Antoine,* 2008 WL 2872176 at *4 n. 4. And "[t]he Rules do not require that a substitution be made within 90 days of the suggestion of death, only that a substitution be asked." *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996).

In the interest of moving this case along, the defendant is **DIRECTED** to update the Court within 30 days after this Order is

served, showing what efforts if made to effectuate Rule 25(a)(1) service upon plaintiff's estate.

**SO ORDERED** this  23rd  day of March, 2009.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5