UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES W. HARDY,

Plaintiff,

v.   408CV223

JOHN E. POTTER, *Postmaster General, U.S. Postal Service,*

Defendant.

## ORDER

*Pro se* plaintiff James W. Hardy filed this case against the Postmaster General of the United States Postal Service pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. ## 1, 4. Shortly after service was perfected upon the defendant, the defendant filed an *ex parte* Suggestion of Death notifying the Court that Hardy had died. Doc. # 12. In response, the Court clarified for defendant the appropriate procedure following the death of a sole party plaintiff. Doc. # 13.

First, the Court cited Rule 25(a)(1), which states that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

F.R.Civ.P. 25(a)(1). The Court advised the defendant that its Suggestion of Death would not be effective (and thus would not "trigger" the 90-day time limit for the filing of a motion for substitution) until the Suggestion was properly served upon the plaintiff's nonparty successors or representatives. Doc. # 13 at 2-4. After summarizing the proper method of service, the Court directed defendant to update the Court within 30 days regarding "what efforts it had made to effectuate Rule 25(a)(1) service upon plaintiff's estate." *Id.* at 4-5.

On 4/7/09, defendant filed a "Notice of Compliance with Court Order," in which he detailed the process through which he identified and located James Hardy's "primary next of kin and legal wife," Mrs. Agnes Hardy, who informed the defendant that she would be "acting as [plaintiff's] personal representative." Doc. # 18 at 3. The defendant included with his Notice proof that he had "personally served a copy of the Suggestion of Death" upon Mrs. Hardy on 3/26/09. Doc. # 18-2 (process return).[1] As the defendant satisfied the Rule 25(a)(1) requirements regarding service of a statement noting death on 3/26/09, Mrs. Hardy had until 6/24/09 (90 days after service) to move for substitution.[2]

To date, no motion for substitution (nor any motion for extension of the substitution period) has been made. As a result, the Court must *sua sponte* dismiss the case due to Mrs. Hardy's failure to move the Court for substitution of a proper party by 6/24/09. *See* F.R.Civ.P. 25(a)(1) ("If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the

---

[1] As the defendant did not attach a copy of the Suggestion of Death that it served upon Mrs. Hardy, the Court assumes that she was served with a copy of the same Suggestion that defendant originally filed *ex parte* with the Court. Doc. # 12.

[2] The Court notes that, pursuant to Rule 25(a)(1), a motion for substitution will only be considered in cases where "the claim [was] not ... extinguished" by the party's death. See F.R.Civ.P. 25(a)(1). Although Title VII itself makes no provision for whether a plaintiff's cause of action survives his death, *see* 42 U.S.C. § 2000e *et seq.*, the Eleventh Circuit, has held that a decedent's claim brought pursuant to Title VII survives. *Kilgo v. Bowman*, 789 F.2d 859, 876 (11th Cir. 1986) (finding that a "Title VII cause of action survives under both federal and state law"). Thus, this case survived plaintiff's death.

action by or against the decedent *must* be dismissed.") (emphasis added); S.D.GA.L.R. 41.1. (giving judges authority to *sua sponte* dismiss an action for failure to prosecute).

For the foregoing reasons, plaintiff Hardy's claims against defendant are ***DISMISSED WITHOUT PREJUDICE***. Doc. # 1, 4. This case is now ***CLOSED***.

This day of 30 June 2009.

*B Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA