UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES W. HARDY,

Plaintiff,

v.   408CV223

JOHN E. POTTER, *Postmaster General, United States Postal Service,*

Defendant.

## ORDER

On 6/30/09, the Court *sua sponte* dismissed this case without prejudice pursuant to F.R.Civ.P. 25(a)(1), due to the fact that, following the plaintiff's death, no motion for substitution had been made by the plaintiff's successor or representative within 90 days of defendant's service of a statement noting the death. Doc. # 20.

The next day, Mrs. Agnes Hardy, the plaintiff's widow, filed the "Motion to Reconsider Case Closure [and] Motion of Plaintiff Substitution" that is presently before the Court. Doc. # 21. In the motion, Mrs. Hardy states that she is "the legal wife and next of kin to the deceased plaintiff" and she requests that she "be named substitution [sic] for the plaintiff." *Id.* at 1. She additionally moves the Court for the appointment of counsel to represent her in this matter. *Id.* at 2.

Mrs. Hardy also explains that she "sent and filed, via Barbara Braziel, what [she] thought was sufficient to be recognized as a motion for substitution." *Id.* at 1-2. According to the defendant's 4/7/09 notice regarding its service of the suggestion of death, Ms. Braziel represented the plaintiff and Mrs. Hardy in bankruptcy proceedings in 2007. Doc. # 18. The defendant contacted Ms. Braziel during its efforts to locate the proper party upon whom it should serve the suggestion of death. Ms. Braziel informed the defendant that she "does not represent the Estate of James W. Hardy in any capacity other than the bankruptcy case," however she did contact Mrs. Hardy to confirm Mr. Hardy's death, and she reported this confirmation to the defendant. *Id.* at 2-3. Notably, according to the defendant, "a suggestion of death has also been filed in *In Re Hardy* by Mrs. Braziel." *Id.* at 3. This *bankruptcy* filing may be the source of Mrs. Hardy's confusion regarding the filings that have been made on her behalf.

Additionally, Mrs. Hardy states that she "thought [she] had complied [with the] rules of substitution when defendant contacted [her] by phone and asked [her] several questions." Doc. # 21 at 2. She claims that, after that telephone conversation, she "thought everything was set in motion." *Id.* Mrs. Hardy is likely referring to the conversation described by defendant in its notice, doc. # 18, wherein a paralegal specialist with the U.S. Attorney's Office for the Southern District of Georgia contacted Mrs. Hardy via telephone and confirmed that Mrs. Hardy was the plaintiff's "primary next of kin and legal wife" and "personal representative," before serving her with the suggestion of death. *Id.* at 3. Mrs. Hardy refers to the conversation with the paralegal for the defendant as "a deception." Doc. # 21 at 2.

Although Rule 25(a) provides for a 90-day period to file a motion for substitution, a party seeking to make a late substitution may be permitted to do so under F.R.Civ.P. 6(b) if, in the Court's discretion, that party has made a sufficient showing of excusable neglect with respect to the late motion. "When analyzing a claim of excusable neglect, courts should take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322 (11th Cir. 1996) (quotations and alterations omitted). The Court additionally takes into consideration the fact that Mrs. Hardy, like her husband, is handling this matter *pro se*. *See McCorkle v. Juchenwicz*, 1999 WL 163205, at *2 (S.D.N.Y. 3/23/99) (excusing plaintiff's failure to file a substitution motion following receipt of suggestion of death because, "plaintiff is a *pro se* prisoner litigant, and in all fairness, cannot be expected to be conversant with the rules about substitution after the death of a party, and in particular cannot be expected to know about Rule 25"). In *McCorkle*, the court gave the *pro se* plaintiff 90 additional days in which to file a motion for substitution because that extension order was "the first notice to plaintiff of the procedural consequences of the death of [a party]." *Id.*

Here, the day after receiving this Court's dismissal Order, Mrs. Hardy filed a motion for reconsideration, explaining why she failed to file a timely motion for substitution (*i.e.*, she had been mistaken about the effects of actions being taken on her behalf by an attorney not directly involved in this case, and she had been confused about the effects of her conversation with a paralegal for the defendant). Furthermore, she plainly stated her desire to be substituted as plaintiff. Doc. # 21. It does not appear (nor has the defendant argued) that excusing Mrs. Hardy's delay would cause undue prejudice to the defendant here, as the motion was only about a week late and was filed the day after the case's dismissal. For the foregoing reasons, this Court grants Mrs. Hardy's motion for reconsideration, as it finds that she has shown excusable neglect for her failure to timely file a motion for substitution. The Court therefore construes her motion for reconsideration as a valid motion for substitution. *Id.*

Nonetheless, there lies within Rule 25(a) yet another potential pitfall for persons like Mrs. Hardy, who proceed without the assistance of counsel. Under Rule 25(a), a nonparty may move for substitution of herself only if she is "the decedent's successor or representative." F.R.Civ.P. 25(a)(1). Despite the fact that Mrs. Hardy was plaintiff's legal wife and has referred to herself as his personal representative, *see* doc. # 18 at 3, she does not automatically qualify as a "proper party" for substitution under Rule 25(a) and Georgia law.

Under the applicable Georgia law, the title "personal representative" includes any person properly acting as "administrator, administrator with the will annexed, county administrator or executor." O.C.G.A. § 53-1-2. Courts routinely – if not necessarily – require evidence that a movant for substitution was appointed to the representative capacity. *See* 1 C.J.S. ABATEMENT AND REVIVAL § 179 (Generally) (June 2009) ("[T]he personal representative must be legally appointed, and any order after the death of a party and before the formal substitution of a legal representative is void.") (footnote omitted); *see also Escareno v. Noltina Crucible and Refractory Corp.*, 163 F.3d 1257, 1258 (11th Cir. 1998) (in making substitution determination, the court focused exclusively on who the Georgia Probate Court appointed as administrator of plaintiff's estate, and whether that person was properly appointed under Georgia law).

The term "successor" has been interpreted to cover those situations where the decedent's estate has been distributed without probate. Thus, "the distributee of an estate that has been distributed" is considered a "successor." *Kilgo v. Bowman Transport*, 87 F.R.D. 26, 27 (N.D. Ga 1980), *aff'd* 789 F.2d 859 (11th Cir. 1986) (person named as executor in plaintiff's will, but who did not become executor because he elected statutory share rather than probating will, fell within the category of

2

"successor" and was a substitutable "proper party") (quoting and citing *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969)); *see also Ashley v. Ill. Cet. Gulf R. Co.*, 98 F.Rd.D. 722, 724 (D.C. Miss. 1983) (defining "successors" as "the distributees of the decedent's estate if his estate ha[s] been closed").

Here, Mrs. Hardy has not alleged, much less provided evidence, that a state court has appointed her as the representative of her husband's estate. Nor has she argued or shown that she should be considered her husband's successor. As a result, this Court cannot, at this time, consider substituting her as plaintiff in this action.

Mrs. Hardy thus has thirty (30) days to demonstrate to the Court her capacity to continue the case (i.e., demonstrate that she has secured estate-representation authorization, or that the estate has been distributed without probate and she therefore qualifies as a successor), or to demonstrate that she has properly initiated proceedings for such authorization in the appropriate state court and is awaiting a ruling from that court. *See Madison v. Vintage Petroleum, Inc.*, 872 F. Supp. 340, 343 (S.D. Miss. 1994) (after advising plaintiff's son that he was not automatically considered her legal representative simply by virtue of being her sole heir, and after also finding that the estate had not yet been distributed (and therefore no distributee-successor for purposes of substitution had come into existence), the court gave the son 30 days "to open an estate for [plaintiff] in the appropriate chancery court and have himself appointed administrator"). If, after thirty (30) days, Mrs. Hardy has not done so, the case will necessarily be dismissed. *See Walden v. John D. Archbold Memorial Hosp., Inc.*, 197 Ga. App. 275, 276-77 (1990) (as appellants were neither administrators of decedent's estate, nor otherwise considered "proper parties," the trial court was justified in dismissing the negligence and malpractice actions they filed on decedent's behalf), disapproved of on other grounds, *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 884 (2008).

Additionally, the Court must address the plaintiff's request for appointment of counsel. Doc. # 21 at 2. The Court does not doubt that the appointment of an attorney would likely further the efficient and prompt disposition of this case. As a general rule, however, there is no entitlement to appointed counsel in such actions. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981) ("[S]uch a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation."). An action filed under Title VII is civil in nature and does not affect a plaintiff's physical liberty, and, therefore, the guarantee of appointment and effective assistance of counsel mandated by the Sixth Amendment and Federal Rule of Criminal Procedure 44 does not apply. *See U.S. v. Rogers*, 534 F.2d 1134 (5th Cir. 1976).

Court-appointed counsel in civil cases is warranted only in "exceptional cases" where counsel is necessary to ensure "fundamental fairness" in accordance with the due process clause of the Fourteenth Amendment. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Lassiter*, 452 U.S. at 26-27. In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the "key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not

3

need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

The Court acknowledges that Mrs. Hardy has recently had difficulty proceeding with this case. The Court will not appoint her counsel, however, even assuming she will eventually be substituted in as a party to this case.

Accordingly, for the reasons stated above, the Court *GRANTS* the plaintiff's motion for reconsideration, doc. # 21, and *DIRECTS* Mrs. Hardy to file proof that she is a proper party for Rule 25(a) substitution within thirty (30) days of this Order (i.e., demonstrate that she has secured estate-representation authorization, or that the estate has been distributed without probate and she therefore qualifies as a successor, or demonstrate that she has properly initiated proceedings for such authorization in the appropriate state court and is awaiting a ruling from that court). Moreover, as this case has been closed, the Court *DIRECTS* the Clerk of the Court to reopen this action to allow for further legal proceedings consistent with this Order. Finally, the Court *DENIES* the plaintiff's motion for appointment of counsel. *Id.*

This day of 4 August 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA